OPINION
{¶ 1} Defendant, Christian Henning, appeals from her conviction and sentence on three counts of burglary.
 {¶ 2} Defendant was indicted on four counts of burglary, which are felonies of the third degree. R.C. 2911.12(A)(3),(C). Pursuant to a negotiated plea agreement, Defendant entered guilty pleas to three of those counts. In exchange, the State dismissed the remaining count of burglary. The trial court sentenced Defendant to two years imprisonment on each count, to be served concurrently.
 {¶ 3} Defendant has timely appealed to this court from her conviction and sentence.
 ASSIGNMENT OF ERROR {¶ 4} "The Trial Court Errors In That It Sentenced Defendant To The Imprisonment Without Setting Forth Its Rationale Pursuant To Statute."
 {¶ 5} When a court imposes sentence for a felony upon an offender who has not previously served a prison term, the court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The trial court is not required to give its reasons for these findings. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 6} The prison sentence available for a felony offense of the third degree is one, two, three, four or five years. R.C. 2929.14(A)(3). The trial court sentenced Defendant, who had no prior felony convictions, to two years on each count, to be served concurrently. The sentence the court imposed on each count is therefore in excess of the minimum for each, which is one year.
 {¶ 7} The trial court did not make either one of the specific alternative findings that R.C. 2929.14(B) requires in this circumstance, either in open court during the sentencing hearing or in its judgment/sentencing entry. The State argues that the trial court made observations on the record at the sentencing hearing that constitute animplicit finding that the minimum sentence would demean the seriousness of the offense, thereby satisfying R.C. 2929.14(B). We disagree.
 {¶ 8} The trial court's observations the State refers to are as follows:
 {¶ 9} "Regrettably, I think what has happened here, there are a number of items that have been pawned and/or sold on the street and potentially not recoverable at all.
 {¶ 10} "Ms. Henning, it's not much consolation to people like Mr. Stevens who spoke before me today. There is no way this Court or you can restore his piece (sic) of mind. You not only steal from people property that they have earned and worked hard to earn but also property that has great sentimental value. How can this Court return to a man an Air force ring that his father perhaps got by serving in World War II or the Korean War? If that's gone, it's gone permanently and there is no way to restore that. And as I said, there is also no way to restore anybody's piece (sic) of mind whose home has been burglarized.
 {¶ 11} "You weren't involved in one incident, Ms. Henning. You were involved with a group of individuals, one of whom I would characterize as a career criminal. You were involved in multiple burglaries. You pled guilty to multiple burglaries, Count 1, 2 and 4, all felonies of the third degree. Any presumption or consideration that since this is your first offense you are entitled to community control or probation is not the case because this was orchestrated, it was planned as a lookout. You are as culpable as the man who went in and took the property and took away the victims' piece (sic) of mind.
 {¶ 12} "The recommendation for prison is consistent with the factors set forth in the Ohio Revised Code. I have considered the seriousness and recidivism factors. It is the judgment and sentence of this Court that you be confined at Ohio State Reformatory for Women for a period of two years."
 {¶ 13} Quoting our previous holding in State v. Shepherd (Dec. 6, 2002), Montgomery App. No. 19284, we explained in State v. Rothgeb (Jan. 31, 2003), Champaign App. No. 02CA7, at pp. 6-7:
 {¶ 14} "`The findings and reasons requirement has a dual purpose. One purpose is to induce a more systematic gradation of penalties within an available range that are imposed by relating the sentence to the particular conduct and offender involved. The other is to facilitate the limited appellate review of certain sentences that R.C. 2953.08 now affords. Both are addressed to achieving a more uniform and consistent pattern of sentencing across the State of Ohio by reducing the prospect of unduly harsh and lengthy prison sentences. Achieving that goal benefits not only the defendant who is incarcerated but also the taxpayers of the state who must bear the financial burden of a prolonged incarceration.'Id., at p. 9.
 {¶ 15} "To achieve the foregoing goals with respect to consecutive sentences which are ordered, R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together, impose a process of substantiation. The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronounce causes thatobjectively may be its reasons. The court must also identify which ofthose causes are the particular reasons for each of the statutoryfindings the court made." (Emphasis in original).
 {¶ 16} The same conclusions apply to the particular findings that R.C. 2929.14(B) requires in this circumstance. The trial court's observations regarding the nature of the crimes committed and the resulting harm suffered by the victims, while they might well be causes that support the finding required by R.C. 2929.14(B), that the minimum sentence in this case would demean the seriousness of Defendant's conduct, are nevertheless insufficient in and of themselves to constitute that finding. Even if one might infer from the trial court's observations that the court believed a minimum sentence would demean the seriousness of these offenses, the court must nevertheless express that finding on the record, which was not done.
 {¶ 17} Having failed to make one of the two alternative findings set out in R.C. 2929.14(B), the trial court's sentence that it imposed is contrary to law.
 {¶ 18} The assignment of error is sustained. Defendant's sentence is reversed and vacated, and this matter will be remanded to the trial court for resentencing in accordance with this opinion.
FAIN, P.J. and YOUNG, J., concur.